### READ ET. AL. VS. KIRKWOOD ET AL.

Upon a plea in abatement, in a suit by attachment, that the plaintiff did not file the bond required by the statute, etc., it appeared that a bond, sufficient in form, and approved by the clerk, executed under a power of attorney, was filed with the declaration: the bill of exceptions purporting to set out all the evidence, does not embrace the power of attorney, nor was it otherwise made part of the record, nor does its sufficiency appear to have been passed upon by the Court: *Held*, that no question concerning the power of attorney is legitimately before this Court.

In a suit by attachment, where the defendant has property in several counties, separate writs of attachment may be issued to each county, under *sec.* 6, *ch.* 126, *Dig.* which seems to have been overlooked in *Smith vs. Block et al.*, 2 *Eng.* 358, and *Bocage et al. vs. Block, Ib.* 359.

In serving writs of attachment upon a garnishee, the sheriff is required to return a schedule of all visible, tangible property attached, but not of the credits, or indebtedness of the garnishee to the defendant in the attachment; which latter may be attached, though no tangible property of the defendant be found in the hands of the garnishee.

*Appeal from the Circuit Court of Lawrence County.*

Hon. BEAUFORT H. NEELY Circuit Judge.

CUMMINS and JORDAN, for the appellants.

That upon service of attachments, no schedule of the indebtedness of the garnishee to the defendant in the attachment suit should be made and returned by the sheriff.

*Secs.* 6, 26 and 27, *chap.* 17, evidently contemplate the allegations and interrogatories, shall and may be as broad, general and thorough as a bill in chancery—detecting and exposing fraud, shifting and contrivances; and the answers must be as *broad and particular* as the *allegations* and *interrogatories*.

Now, no one would suspect from these sections that you can

only propound questions as to the *schedule* or *items* in the *schedules*, returned by the officer.

*Sec.* 28 *requires the court* in case garnishee fails to answer, to give judgment for amount of *plaintiff's demand*—*not* for what the sheriff says *he* found. If this *schedule* section overrides all the rest of the statute, the sections referred to are mere absurdities.

From the subject matter, the mischief and remedy, we do know these sections are the substance—the very life of the statute—as to everything but *visible* property. There is no portion of the statute which means more—was intended to be more large in its operation in suppression of the mischief and advancement of the remedy.

It is a little singular that the statute itself no where intimates that a schedule is of any great consequence, or that there shall be any schedule at all, of debts which a guarnishee owes himself to debtor; or property which the sheriff cannot personally seize and carry away.

*Sec.* 8 requires the officer to execute the attachment, by going to the place where, or the person in whose hands the *property is supposed* to be, or the person *supposed to be indebted*, etc., and then, in the presence of witnesses, declaring he *attaches the* SAME. Same what? *Supposed* debt, be it more or less—*supposed* property, more or less.

*Sec.* 9 says *property*, etc., so attached, shall *remain in the* OFFICER'S HANDS or POSSESSION, and be by HIM SECURED *to abide the event of the judgment of the court.*

*Sec.* 42 requires execution to be levied on the *goods and chattels, lands and tenements, etc., attached;* and such *goods and chattels* as may be given up by garnishee. Garnishee having right after execution against him, still to give up goods and chattels of defendant.

*Sec.* 11 requires service on *garnishee* should be by reading, or copy, and nothing more.

None of these sections refer to any but tangible property which the sheriff can seize, secure and sell on execution.

*Sec.* 18 requires sheriff to return a *schedule of property attached*, etc.

These all relate, and only relate to visible, tangible property which may be sold under execution.

The idea seems to be, that the garnishment is collateral to the proceeding against defendant, and unless jurisdiction is obtained as to *him* by some schedule, of some sort, the court cannot have power to proceed as to garnishee, and *learn* and *try* the fact, if there is not property in his hands which would give jurisdiction as to *defendant*, and enable the court to do justice.

This is simply taking for granted the very matter in dispute.

The debts *due* to defendant, which cannot be seized, are as much subject to legislation and the power of the court, as visible property—justice equally requires it shall be applied to the debt in attachment.

We submit *Desha vs. Baker*, 3 *Ark. Rep.* 509, ought to be so far modified as to apply only where specific, tangible property is seized, and not where there is an attempt to seize a mere abstraction, a debt, etc. And that the Court's jurisdiction shall not be limited by the opinions and returns of a sheriff.

Fowler & Stillwell for appellees.

Mr. Chief Justice English delivered the opinion of the Court.

George W. Read and Jehial Read, partners under the firm name of George W. & Jehial Read, brought an action of debt, by attachment, against John Kirkwood, in the Lawrence Circuit Court, upon two notes. Two writs of attachment were issued, one to the sheriff of Lawrence, and the other to the sheriff of Greene county; both in the form prescribed by the statute. *Digest, p.* 173.

In the writ to Lawrence, J. A. Houghton and Green P. Nunn were named as garnishees, and in the writ to Greene county, E. H. Houghton and W. R. H. Young were named as such.

Upon the several motions of the two Houghtons and Young,

the returns of the sheriffs, as to them, were quashed, and they were discharged, the plaintiffs excepting, etc.

The defendant, Kirkwood, appeared, and filed four pleas in abatement of the writs, as follows:

1. " That the plaintiffs did not, at the time of filing their declaration in this case, file with the clerk of this Court a good and sufficient, and legal bond, for the attachment, to the said defendant, according to the form of the statute in such case made and provided, and this the said defendant is ready to verify," etc.

2. Variance between the affidavit and bond.

3. Variance between the declaration and bond.

4. Variance between the writs and bond.

To the 2d, 3d and 4th pleas, the Court sustained a demurrer interposed by the plaintiffs.

To the first plea, the plaintiffs replied " that they did, at the time of filing the declaration in this case, file with the clerk of this Court, a good, sufficient and legal bond, for the attachment, to the said defendants, as by law required, and this, they pray, may be enquired of by the record."

The issue to the first plea in abatement was submitted to the Court, and, upon the evidence, the Court sustained the plea, quashed the attachments, and ordered the cause to progress as an ordinary suit at law, the plaintiffs excepting.

The plaintiffs obtained judgment against Kirkwood personally for the amount of the debt sued for; and appealed from the judgments of the Court quashing the returns upon the writs as to the Houghtons and Young; and quashing the attachments upon the plea in abatement, etc.

1. We are at a loss to determine upon what grounds the Court below found in favor of the defendant upon the issue to the plea in abatement. Surely not upon the ground that no attachment bond was filed with the clerk before the writs issued, because it appears from the evidence submitted to the Court upon the trial of the issue, that the declaration, affidavit and bond were fastened together with tape and sealing wax, and so

deposited in the clerk's office, and endorsed [upon the declaration] filed by the clerk. Hardly upon the ground that the securities to the bond were insufficient, because the approval of the clerk was not only endorsed upon the bond, but he testified, upon the trial of the issue, that he did approve it, etc., (*Mandel vs. Pect, Simms & Co.,* 18 *Ark.* 244), and the defendant offered no evidence to show that the securities were insufficient. The plea points out no particnlar defect in the form, or substance of the bond, and upon its face it seems to be substantially a good bond in all respects.

The names of the plaintiffs appear to have been signed to the bond by Farnham, their attorney in fact, and the power under which he acted seems to have been deposited in the clerk's office, when the declaration was filed, and is copied in the transcript before us.

The counsel for Kirkwood here insist that the power did not authorize Farnham to execute the bond for the plaintiffs. But the bill of exceptions purporting to set out all the evidence introduced on the trial of the issue, does not embrace the power of attorney, nor was it otherwise made part of the record, nor does its sufficiency appear to have been, in any way, passed upon by the Court. There is, therefore, no question concerning the power of attorney legitimately before us.

The judgment of the Court below sustaining the first plea in abatement, and quashing the writs of attachment, must be reversed, etc.

2. Upon the attachment to Lawrence county, the sheriff returned a personal service upon the defendant Kirkwood, and that he had attached a negro girl and a mule, found in his possession, etc. As to the garnishees, J. A. Houghton and Green P. Nunn, he returned a personal service by reading the contents of the writ to them, and, also, " by then and there in the presence and hearing of the said J. A. Houghton and Green P. Nunn, and in the presence and hearing of John R. Hudson and George Miller, citizens of said county, publicly and aloud declaring that I did, then and there, by virtue of the within

writ, attach all the property, credits and effects of the within named John Kirkwood, in the hands or possession of the said J. A. Houghton and Green P. Nunn, or either of them, to answer the within writ."

Upon the attachment to Greene county, the sheriff made substantially the same return as the above, as to the garnishees, E. H. Houghton and W. R. H. Young.

But two of the grounds, assigned in the motions for quashing these returns, are insisted upon here: *first*, that the writ to Greene county was void, and conferred no power upon the sheriff to execute it.

*Sec.* 6, *chap.* 126, *Dig.*, *p.* 796, provides that when a defendant, in a suit instituted by attachment, has property in several counties, separate writs of attachment may be issued to each county. This provision of the statute seems to have been overlooked in *Smith vs. Block, et al.*, 2 *Eng*, 358, and *Bocage et al. vs. Block*, *Ib.* 359.

*Pike vs. Lytle*, 1 *Eng.* 212, was a case of judicial garnishment, and therefore not applicable to writs of attachment.

The second ground assigned in the motion for quashing the returns, insisted upon here, is, that the sheriff did not state in the returns that he found any property or effects of the defendant in the attachment in the hands of the garnishees,—did not return any schedule of property, etc., found or attached in their hands — and, therefore, the Court had no jurisdiction to proceed against them as garnishees, etc.

It is to be presumed that the sheriffs found no visible, tangible property in the hands of the garnishees, belonging to the defendant in the attachment, or they would have seized it, as commanded by the writs, and returned a schedule thereof, as required by law. But the garnishees may have been indebted to the defendant in the attachment, and the sheriffs could not have attached such indebtedness otherwise than they did. They could not seize such indebtedness, because it was intangible. They could not return a schedule of the evidences of the indebtedness, because these were in the hands of the defendant

22

338        CASES IN THE SUPREME COURT

Read et al. vs. Kirkwood et al.        [JANUARY

in the attachment, and the sheriffs were not empowered to compel the garnishees to furnish such schedule, if they could do so from memory or otherwise.

The law requires the garnishee in attachment to discover on oath, in response to allegations and interrogatories filed by the plaintiff, what lands, tenements, goods, chattels, moneys, credits or effects of the defendant, and the value thereof, there were in his possession, custody or charge, or from him due and owing to the defendant, at the time of the service of the writ, *or at any time after*, or which may thereafter become due. *Digest, chap.* 17, *sec.* 26.

If the jurisdiction of the garnishee is made to depend upon the sheriff finding visible and tangible property in his hands, and returning a schedule thereof upon the writ, this section of the law is of no value.

In *Desha vs. Baker et al;*, 3 *Ark.* 509, and in *Richmond vs. Duncan*, 4 *Ib.* 198, it was decided that merely summoning a garnishee was no attachment of a debt, etc., in his hands: that the sheriff, in addition to summoning the garnishee, must declare, in the presence of one or more citizens of the county, that he attaches the indebtedness, etc., as required by *sec.* 8, *chap.* 17 *Dig.* If the Court intended to decide in *Desha vs. Baker et al.*, that the sheriff must return a schedule of the indebtedness in the hands of the garnishee, in order to make the attachment thereof effectual, it was surely a misconception of the requirements of the statute, and would, in many instances, defeat the practical benefits intended to be accomplished by it, as the sheriffs might have no certain means of making such schedule, etc.

The judgment of the Court below, quashing the returns as to the garnishees, must also be reversed, and the cause remanded for further proceedings.